PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Hyundai Tiburón struck two holes on Lazelle Road, designated as W.Va. Route 100, near Morgantown, Monongalia County. W.Va. Route 100 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:40 a.m. on March 21,2008. W.Va. Route 100 is a two-lane, paved road with a speed limit of fifty-five miles per hour. At the time of the incident, claimant was driving to work from her home in Washington, Pa. to the Fort Martin Power Plant in Maidsville. As she was traveling at approximately thirty-five or forty miles per hour, her vehicle struck two holes on W.Va. Route 100. The holes were located approximately six-tenths of a mile from Scott’s Run Road and were situated on the right portion of the roadway. Both holes were located inside the white edge line. Although she normally drives into the opposite lane to avoid the holes, on the day in question, there were coal trucks traveling in the opposite lane. In addition, there is no shoulder on this portion of W.Va. Route 100. The primary hole was approximately two feet long, two feet wide, and five inches deep. The secondary hole was approximately five feet long, two feet wide, and six inches deep. Claimant stated that she takes several different routes to travel to work and had driven on this road a week prior to this incident. Although claimant’s employer, Longview Power, had complained to respondent regarding the condition of the road, she did not contact respondent about the holes before this incident occurred. Her vehicle sustained damage to a tire and a rim in the amount of $388.77. The amount of claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 100. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that W.Va. Route 100 is heavily traveled by coal trucks. She testified that the road was widened, and it did not have a strong base. *173 The daily truck traffic, weather conditions, and the road’s proximity to the Monongalia River, contributed to the deterioration of the roadway. Respondent’s DOH 12, or record of its daily work reports, did not indicate that any work was performed in this area prior to the time of claimant’s incident. After reviewing the photographs that claimant submitted as exhibits, Ms. Westbrook stated that the holes might have been patched on a prior occasion.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size of the holes and their location on the travel portion of the road lead the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since she was aware of the condition on the road. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-percent (20%) of her loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover eighty-percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $311.02.
Award of $311.02.